IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-207-BO

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DIVINE WASHINGTON | ) | |

This matter is before the Court on Defendant's Motion to Dismiss his indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. For the reasons discussed below, Defendant's Motion to Dismiss is denied.

## BACKGROUND

On July 14, 2011, the grand jury returned a single-count indictment charging Defendant with knowing possession of a prohibited object, specifically an object designed and intended to be a weapon, while an inmate of the Federal Correctional Institution-II, Butner, North Carolina, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3). Prior to his indictment, Defendant had twice appeared before a disciplinary hearing officer who found Defendant had attempted to possess and possessed homemade weapons in violation of prohibited act #104A and prohibited act #104. Defendant was sanctioned for both offenses with loss of credit for good time and disciplinary segregation.

## DISCUSSION

The basis of Defendant's Motion to Dismiss is the Double Jeopardy Clause of the Fifth Amendment. Specifically, Defendant contends that his discipline by the prison and later

indictment for the same offense conduct constitutes multiple punishments for the same offense. The Defendant notes correctly that neither the Fourth Circuit nor the Supreme Court has directly addressed the issue of whether disciplinary segregation (also referred to as solitary confinement) constitutes punishment for purposes of the Double Jeopardy Clause.

Courts have long recognized, however, that "disciplinary changes in prison conditions do not preclude criminal punishment for the same conduct." *United States v. Moss*, No. 10-5119, 2011 WL 3911797 at *2 (4th Cir. September 7, 2011) (unpublished); *see also United States v. Mayes*, 158 F.3d 1215 (11th Cir. 1998); *United States v. Newby*, 11 F.3d 1143 (3rd Cir. 1993). In *United States v. Patterson*, 183 F.2d 327 (4th Cir. 1950) (per curiam), the Fourth Circuit considered whether inmates who had escaped prison were entitled to a new trial because they had been subject to both prison discipline and criminal punishment for the same conduct. The *Patterson* defendants had been placed in solitary confinement and had their credit for good time revoked after attempting to escape from the Federal Reformatory at Petersburg, Virginia. *Id.* The *Patterson* court found that "[c]riminal prosecution . . . is not prohibited under the double jeopardy clause of the fifth amendment because a convict . . . has . . . been subjected to discipline by the prison authorities for the violation of prison discipline involved." *Id.*

In accordance with the rest of the circuits, the Fourth Circuit has declined to disturb *Patterson* in light of subsequent developments in the law. *See United States v. Devaughn*, 32 Fed. Appx. 60, 61 (4th Cir. 2002) (unpublished) (finding that *United States v. Halper*, 490 U.S. 435 (1989), does not abrogate *Patterson* and holding that "prison disciplinary sanctions do not preclude subsequent criminal punishment for the same conduct under the Double Jeopardy Clause of the Fifth Amendment because Congress intended disciplinary proceedings to be civil in

2

nature"); *United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) (holding that "[e]very circuit court of appeals to consider this question has given the same answer: The Double Jeopardy Clause was not intended to inhibit prison discipline, and disciplinary changes in prison conditions do not preclude subsequent criminal punishment for the same misconduct" and listing cases).

## CONCLUSION

In light of *Patterson* and subsequent authority, the Court finds that Defendant's placement in disciplinary segregation is not prior punishment for purposes of the Double Jeopardy Clause. Nor is his loss of credit for good time considered punishment under the Fifth Amendment, and, accordingly, Defendant's Motion to Dismiss the indictment must be DENIED.

SO ORDERED, this 18 day of November, 2011.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3